IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                     **Case No. 11-40069-01-RDR**

CECELIO OLIVERA-FLORES,

        Defendant.

---

**O R D E R**

On February 9, 2012, the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court during that hearing.

The defendant entered a plea of guilty to illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a). Following the preparation of the presentence report, the defendant raised one objection. He objected to paragraph 15 which added 16 levels to his base offense level because his prior Kansas conviction of aggravated assault qualified as a "crime of violence." He asserted that because the Kansas aggravated assault statute is neither "aggravated assault" as enumerated in the application note, nor does it include a physical force element, the conviction did not constitute a crime of violence. In a sentencing memorandum, the defendant requested a downward variance to 24 months if the court

rejected his "crime of violence" argument.   The government contended that the aggravated assault conviction is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) because aggravated assault is specifically enumerated as a "crime of violence."

U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires a sixteen-level increase in the base offense level of a defendant who unlawfully reenters the United States after a previous removal following a conviction for a "crime of violence."   The commentary defines "crime of violence" as:

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (emphasis added).

In 2010, the defendant was convicted in Kansas state court of aggravated assault with a deadly weapon in violation of K.S.A. 21-3410(a).   This statute provides that aggravated assault is an assault as defined in K.S.A. 21-3408 ("intentionally placing another person in reasonable apprehension of immediate bodily harm") with a deadly weapon.

2

The Tenth Circuit has rejected the argument that the government makes here that the label the state happens to attach to the crime of conviction determines whether it is a crime of violence warranting an enhancement under the Guidelines.  See United States v. Garcia-Caraveo, 586 F.3d 1230, 1233 (10th Cir. 2009) ("To determine whether a particular state's criminal statute falls within the ambit of the term 'crime of violence' under [§ 2L1.2 of] the Guidelines, we look not to how a state has labeled its statute, but rather consider whether the statute corresponds with the 'uniform generic definition' of the crime, using the analytical framework set out in Taylor v. United States.").  Thus, we must consider whether the Kansas aggravated assault statute under which the defendant was convicted is equivalent to the generic crime of "aggravated assault" so as to qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Tenth Circuit has determined in an unpublished opinion that the generic offense of aggravated assault under 2L1.2 "is an offense that has as an element either the causing of serious bodily injury or the use of a dangerous weapon."  United States v. Gastelum-Laurean, 370 Fed.Appx. 938, 941 (10th Cir. 2010).  Without any other guidance from the Tenth Circuit, the

court shall follow this definition in determining if the Kansas statute meets this standard. In reaching this conclusion, we note that this standard is broader than the standard set forth in the Model Penal Code and relied upon by the defendant. The Tenth Circuit considered the Model Penal Code and other cases and other treatises and concluded that assault "with the use of a dangerous weapon" is adequate to constitute the generic offense of "aggravated assault." Here, the defendant was convicted of assault with a deadly weapon under K.S.A. 21-3410(a). Accordingly, the court finds that the defendant's prior offense was a crime of violence under § 2L1.2(b)(1)(A)(ii).

With the denial of this objection, the defendant's offense level is 21 and his criminal history category is III. The defendant's guideline range is 46 to 57 months.

Based upon all of the factors set forth in 18 U.S.C. § 3553, the court shall vary downward and impose a sentence of 24 months. The court agrees with the defendant that the applicable offense level overstates the seriousness of defendant's prior conviction. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.

4

Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct.

   **IT IS SO ORDERED.**

   Dated this 14th day of February, 2012 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge

5